UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Krucial Staffing, LLC<br>　　　　　　Plaintiff,<br><br>vs.<br><br>Federal Insurance Company<br>　　　　　　Defendant. | Civil Action No.<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Krucial Staffing, LLC ("Krucial" or "Plaintiff"), by and through its undersigned counsel, and for its Complaint, alleges against Federal Insurance Company ("Chubb" or "Defendant") as follows:

## THE NATURE OF THE ACTION

1. This is an insurance coverage action by policyholder Krucial against insurer Chubb for declaratory judgment, breach of contract, and breach of the duty of good faith and fair dealing.

2. Krucial is a crisis-management staffing company that provides temporary healthcare workers to hospitals and medical facilities during emergencies to assist with disaster relief and recovery.

3. Chubb issued a ForeFront Portfolio Policy, Policy No. 8259-6953, to Krucial for the policy period June 1, 2019 through June 1, 2020 (the "Policy"). The Policy is attached hereto as Exhibit 1.

4. In early 2020, Krucial deployed a number of healthcare workers to New York City to assist certain hospitals with their surge of COVID-19 patients.

5. On April 6, 2020, a lawsuit styled *Allen et al. v. Krucial Staffing, LLC et al.*, Case No. 20-cv-2859 (S.D.N.Y.), was filed against Krucial and its CEO, Brian Cleary, in this Court, and an Amended Complaint was filed on April 15, 2020 (the "Allen Lawsuit"). In the Allen Lawsuit, a group of healthcare workers that had previously accepted one of Krucial's New York

City staffing assignments filed a suit against Krucial and Mr. Cleary seeking damages for, among other things, alleged torts and employment violations in connection with those assignments.

6. Krucial timely tendered the Allen Lawsuit to Chubb for defense.

7. On April 14, 2020, Chubb issued a reservation of rights to Krucial concerning defense of the Allen Lawsuit, stating as follows:

> Please be advised that Chubb's investigation of this matter is ongoing. Chubb therefore must reserve all rights, remedies, and defenses under the Policy, at law, and in equity. Nothing contained herein, and no action on our part in investigating these matters, should be construed as an admission of coverage or as a waiver of any right, remedy, or defense that may be available to Chubb.

Chubb also inquired at that time whether Krucial had retained counsel.

8. On April 20, 2020, Krucial informed Chubb that it had retained Lathrop GPM to defend Krucial in the Allen Lawsuit.

9. On May 4, 2020, Lathrop GPM submitted to Chubb a detailed case analysis describing the factual allegations in the amended complaint, the key issues, litigation strategy, and action items that needed to be addressed quickly.

10. In response, on May 15, 2020, Chubb again purported to reserve rights to disclaim coverage for the Allen Lawsuit, but at the same time communicated it would not accept Krucial's choice of counsel because "Lathrop GPM is not on [Chubb's] panel list of approved law firms."

11. On May 15, 2020, Krucial responded to Chubb, in part, as follows:

> [C]hubb received notice of this claim over a month ago, but thus far you have refused to give us any position on coverage or any reservation of rights letter. Instead, you continue to vaguely say that Chubb is reserving "all rights, remedies, and defenses under the Policy, at law, and in equity." We don't even know under which coverage part(s) you are agreeing to defend or what limits you assert apply, much less what "rights, remedies, and defenses" you intend to assert against our client. This is quintessential unfair claims-handling…
>
> In any event, it is black letter law that your purported reservations—and your refusal to give a coverage position—has created a conflict of interest entitling Krucial to independent counsel. You cannot force your panel counsel on Krucial without first

> promising them a full defense, much less while purporting to reserve rights, much less without informing us of the basis of those reservations. As you know, an "insurer may not reserve the right to disclaim coverage and simultaneously insist upon controlling the defense.
>
> *****
>
> In addition to the conflicts of interest mentioned above, Krucial's defense of the underlying litigation would be severely prejudiced if Krucial were to switch counsel at this point in the litigation. The attached Litigation Update was created by Krucial's defense attorneys, supplements the detailed case analysis that we already provided to you, and details the hundreds of hours already spent on the defense of Krucial against the voluminous 325 paragraph Amended Complaint. Among other things, you will see that defense attorneys have worked diligently over the past several weeks to prepare pleadings and motions which must be filed ***next week…***.

12.    On June 1, 2020 (almost 2 months after the Allen Lawsuit was filed), Chubb responded with another reservation of rights letter, this time identifying numerous specific "potential coverage issues" upon which Chubb was purportedly reserving the right to disclaim coverage. Despite the reservations, Chubb asserted it would not consent to the retention of Lathrop GPM because it was a "non-panel" firm, that Chubb would not reimburse any defense costs already incurred by Krucial in the Allen Lawsuit, and that Chubb would not apply Krucial's out-of-pocket defense costs towards the deductible. In this same letter, Chubb asserted that a $1 million limit applies to the Allen Lawsuit.

13.    Chubb's actions are inconsistent with the law and the terms of the Policy. Nowhere does the Policy obligate Krucial to retain Chubb's "panel counsel," particularly where (as here) Chubb has reserved rights to disclaim coverage. Instead, the Policy broadly obligates Chubb to pay "reasonable costs, charges, fees (including attorney's fees and experts' fees)," and further states that any consent needed by Chubb to incur defense costs "shall not be unreasonably withheld." In light of this language and the law, Chubb's actions are unreasonable and amount to a breach of contract.

14. Further, Chubb misconstrues the Policy, particularly with respect to the limits available for the Allen Lawsuit. While Chubb asserts that only $1 million in limits apply, the Policy affords Krucial at least $3 million in coverage for this claim. Both the Employment Practices Liability Coverage Part ($1 million limit) and Directors & Officers and Entity Liability Coverage Part ($1 million limit, plus $1 million additional limit of liability for executives) are implicated, and the limits are not aggregate.

15. The actions and positions taken by Chubb are in breach of contract and constitute bad faith misconduct, have wrongfully deprived Krucial of the benefits of the Policy, and have otherwise materially damaged Krucial.

## THE PARTIES

16. Krucial Staffing, LLC is organized in Kansas. Its members are domiciled in Kansas, Missouri, Nevada, and South Dakota.

17. Upon information and belief, Defendant is an Indiana corporation with its principal place of business in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

19. This Court has personal jurisdiction over the Defendant because Chubb conducts and continues to conduct a significant amount of business within the state. In addition, this Court has jurisdiction as Chubb, either in person or through its agents, committed tortious acts within the state of New York that has caused injury to Krucial within New York.

20. Venue is proper in this Court because a substantial portion of the events or omissions giving rise to this action occurred in this County.

21. A judiciable controversy exists between the Parties, and as such this Court has authority under 28 U.S.C. §§ 2201 and 2202 to issue a declaratory judgment as to the Parties' respective rights and legal relations.

**FIRST CAUSE OF ACTION
FOR BREACH OF CONTRACT**

22. Krucial realleges and incorporates by reference all previous allegations as though set forth fully herein.

23. Krucial has incurred and paid sums, including defense costs, in connection with the Allen Lawsuit that falls within the coverage and limits afforded under the Policy.

24. Krucial paid Chubb all required premiums in consideration for the coverage provided by the Policy and has complied with all obligations and conditions precedent in the Policy.

25. As part of its contractual duties under the Policy, Chubb is obligated to pay reasonable defense costs to Krucial for all covered claims, including defense costs incurred in defending the Allen Lawsuit, and cannot unreasonably withhold its consent for such costs.

26. Chubb has materially breached its duties and obligations under the Policy by refusing to pay reasonable defense costs Krucial incurred in connection with the Allen Lawsuit.

27. Chubb has also materially breached its duties and obligations under the Policy and the law by representing to Krucial that it is obligated to use Chubb's "panel counsel" in defense of the Allen Lawsuit.

28. As a direct and proximate result of this breach, as alleged above, Krucial has suffered and continues to suffer damages in an amount to conform to proof at trial, but in excess of that required for this Court's jurisdiction.

## SECOND CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

29.     Krucial realleges and incorporates by reference all previous allegations as though set forth fully herein.

30.     A judiciable controversy exists as to whether Chubb's positions in both refusing to pay Krucial's defense costs and in demanding that Krucial utilize Chubb's "panel counsel" in defense of the Allen Lawsuit are reasonable.

31.     A judiciable controversy also exists as to the limits available for the Allen Lawsuit under the Policy.

32.     Accordingly, Krucial asks the Court to declare that: (1) Chubb must pay Krucial's defense costs incurred the Allen Lawsuit; (2) Chubb's refusal to retain Lathrop GPM because it is not "panel counsel" is unreasonable, particularly in light of Chubb's reservation of rights; and (3) $3 million in limits are available for the Allen Lawsuit.

## THIRD CAUSE OF ACTION
## FOR BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

33.     Krucial realleges and incorporates by reference all previous allegations as though set forth fully herein.

34.     In every insurance policy there is an implied covenant of good faith and fair dealing that the insurance company will not do anything to injure the right of its insured to receive the benefits of the policy. To fulfill its implied covenant of good faith and fair dealing, and insurance company must give at least as much consideration to the interests of its insured as it gives to its own interests.

35.     In breach of the implied covenant of good faith and fair dealing arising out of the Policy, Chubb committed the acts and omissions alleged above, including but not limited to: (1)

unreasonably, recklessly, or intentionally refusing to cover Krucial's defense costs when Chubb knew or should have known that it had an obligation to cover these costs; (2) unreasonably, recklessly, or intentionally withholding its consent for Lathrop GPM to represent Krucial in the Allen Lawsuit; (3) misrepresenting to Krucial the terms of the Policy; (4) failing to conduct a fair, reasonable, complete, and timely investigation of Krucial's claim.

36. Chubb committed these acts and omissions for the purpose of withholding from Krucial the benefits to which it is entitled under the Policy. Chubb acted in gross disregard of Krucial's interests, and deliberately or recklessly failed to consider Krucial's interests at least to the same extent as it did its own interests.

37. Chubb's acts and omissions are inconsistent with the reasonable expectations of its insured, are contrary to established practices and legal requirements, are contrary to the express terms of the Policy and the law, are unreasonable and without proper cause, and constitute bad faith.

38. The damages sustained by Krucial as a result of Chubb's wrongful conduct were within the contemplation of the parties as the natural and probably result of a breach of Chubb's duties at the time of or prior to Chubb issuing the Policy to Krucial.

39. The wrongful and egregious conduct of Chubb as alleged was independently tortious (as Chubb repeatedly made intentional false statements and material omissions to Krucial as described above), was directed at Krucial, and on information and belief, was part of a pattern directed at the public generally, was done with conscious disregard to Krucial's rights, and with the intent to injury Krucial. Chubb's conduct constitutes oppression, fraud, and/or malice, entitling Krucial to punitive damages in an amount appropriate to punish Chubb.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Krucial Staffing, LLC respectfully prays for a judgment against Defendant Federal Insurance Company for the following:

(a) Declaratory relief;

(b) Compensatory and general damages;

(c) Consequential, special, and incidental damages;

(d) Applicable interest, including prejudgment interest at the maximum legal rate;

(e) Punitive damages;

(f) Reasonable attorneys' fees and costs; and

(g) Such other and further relief as the Court may deem just and proper.

Dated: October 2, 2020					LATHROP GPM LLP

							By:   /s/ Joshua J. Pollack

							Joshua J. Pollack (JP9095)
							2049 Century Park East, Suite 3500S
							Los Angeles, CA 90067
							Telephone:  310.789.4662
							Telecopier:  310.789.4601
							joshua.pollack@lathropgpm.com

							Alexander Brown (*pro hac vice pending*)
							Noah H. Nash (*pro hac vice pending*)
							2345 Grand Boulevard, Suite 2200
							Kansas City, MO 64108
							Telephone:  816.460.5629
							Telecopier:  816.292.2001
							alexander.brown@lathropgpm.com
							noah.nash@lathropgpm.com

							*Attorneys for Plaintiff*
							*Krucial Staffing, LLC*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Krucial Staffing, LLC, demands trial by jury in this action of all issues so triable.

Dated: October 2, 2020   LATHROP GPM LLP

By:   /s/ *Joshua J. Pollack*

Joshua J. Pollack (JP9095)
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Telephone:  310.789.4662
Telecopier:  310.789.4601
joshua.pollack@lathropgpm.com

Alexander Brown (*pro hac vice pending*)
Noah H. Nash (*pro hac vice pending*)
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone:  816.460.5629
Telecopier:  816.292.2001
alexander.brown@lathropgpm.com
noah.nash@lathropgpm.com